

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2003

# USA v. Elvey

Precedential or Non-Precedential: Non-Precedential

Docket 01-4179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Elvey" (2003). *2003 Decisions.* Paper 891.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/891

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 01-4179

————

UNITED STATES OF AMERICA

v.

DEAN OMAR ELVEY,
a/k/a
JORG ARTHUR BETTS,

Appellant

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00388)
District Judge:  Hon. Edmund V. Ludwig

————

Submitted Under Third Circuit LAR 34.1(a)
December 19, 2002

Before:  SLOVITER, McKEE, and ROSENN, Circuit Judges

(Filed: January 9, 2003)

————

OPINION OF THE COURT

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Appellant Dean Omar Elvey pled guilty in the Eastern District of Pennsylvania to a two count indictment charging one count of illegal reentry after deportation, 8 U.S.C. §§ 1326(a) and (b)(2), and one count of possession of a counterfeit passport, 18 U.S.C. § 1546. Elvey does not deny the facts underlying the conviction but appeals because the District Court denied his motion for a downward departure and sentenced him to 30 months in prison, 2 years supervised release, and a special assessment of $200. He filed a timely notice of appeal.

Because we are writing only for the parties, it is not necessary for us to discuss the facts in any detail as they are familiar with them. On appeal, Elvey's only contention is that he was entitled to a downward departure from the sentencing guidelines based on extraordinary family circumstances. Elvey, who had pled guilty in May 1999 to the sale or transportation of marijuana, was deported to Jamaica on March 10, 2000. He claims that he purchased a false passport and roundtrip plane ticket to Philadelphia, leaving June 7, 2001 and returning June 12, 2001, because his daughter, who was scheduled to graduate from kindergarten, read him her valedictory speech over the phone and he felt he had to attend her graduation ceremony.

He was arrested as he went through customs with a British passport and a false name. The suspicion of a Customs agent was alerted because of the manner in which Elvey's picture had been inserted in substitution of the original picture on the passport. Elvey pled guilty and sought the downward departure. Although the Government did not dispute any of

2

Elvey's factual contentions in the District Court, it evidently was skeptical about the reasons given by Elvey for his entry and his statements that he would leave a few days thereafter. The Government opposed Elvey's departure motion, arguing that Elvey's claim that he intended to leave immediately after the kindergarten graduation was not credible. It also argued that the fact that Elvey's deportation had deprived him of the opportunity to attend his child's school events was not sufficiently extraordinary to merit granting him a departure.

The District Court denied the motion for downward departure, stating:

> I will, for the purpose of this sentencing, accept the facts proffered by Mr. Elvey and on his behalf. Under 5H1.6, family ties and responsibilities, it says "Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."
>
> Ordinarily, family ties and responsibilities refers to dependency and need for a defendant's help and services, which would not apply here in any material way. I don't know if there's any authority that broadens this section beyond that type of dependency. But, in any event, I do not find that, under the applicable standard, a departure should be granted under this section.
>
> As far as the general ground of 5K2.0 is concerned, while this is certainly an unusual case based on the facts presented by the defense, I do not find that it is sufficient - either by itself or in combination with 5H1.6, sufficient to justify a downward departure.
>
> The grounds offered for departure, that is to say Mr. Elvey's wanting to be present at his young daughter's graduation and her being honored as the valedictorian, certainly have an emotional appeal. But, I do not find that they are so different in degree or kind from all the other cases in which a person decides to be an illegal entrant to warrant a departure in this case.

3

> Under the circumstance, I find that regrettable, but I believe that [ ] is the correct legal determination here. The guideline range is high for this kind of conduct, but the problem involved is a serious one. And, for those reasons, I deny the motion for downward departure.

App. at 43-44 (emphasis added).

Elvey argues that we should remand because it is unclear whether the District Court recognized that it had authority to depart. The government takes a completely different view of the District Court's statement and we agree. Elvey points to nothing in the colloquy with the District Court that suggests that the District Court did not recognize that it had the power to depart for extraordinary family ties and responsibilities. Elvey argues that because the District Court stated, in rejecting other grounds for departure that defense counsel advanced, that it was acting "in the exercise of discretion," but failed to make any such statement with respect to the requested downward departure for family ties and responsibilities, the District Court did not recognize its authority.

We are unwilling to make a general rule that unless the district courts use a magical phrase, such as "in the exercise of my discretion," the appeals court will not find that the district court recognized the scope of its discretion. The law does not turn on such a technicality. The District Court specifically stated, in the language underlined above, that even if there were authority that broadened the section beyond the ordinary family ties and responsibilities cases, it did not find that a departure should be granted under the cited section. This language certainly demonstrates the District Court's analysis of the circumstances and its decision that the circumstances did not warrant a downward

4

departure.

Because the District Court assumed that it had the authority to depart, whether under § 5H1.6 or § 5K2.0, and chose not to do so, we do not have jurisdiction over Elvey's appeal from the failure to depart downward. United States v. DeNardi, 892 F.2d 269, 272 (3d Cir. 1989).

Even if we were to review the District Court's decision, we would not find that it abused its discretion. An illegal reentry for the purpose of watching a daughter graduate from kindergarten does not constitute an extraordinary family situation. Many persons who have been deported would like to attend family ceremonies, some more significant than graduation from kindergarten, such as graduation from college, weddings, or even funerals. However, as the Government states in its brief, "separation from family members at such times is part of the price that deported persons must pay for the misconduct that led to deportation." The courts have repeatedly upheld the district courts' denial of a downward departure for circumstances at least as significant but undoubtedly more so than Elvey's desire to observe his young daughter graduate from kindergarten. See, e.g., United States v. Lipman, 133 F.3d 726, 729 (9th Cir. 1998) (alien reentered to visit his disabled U.S. citizen daughter who had been sexually assaulted); United States v. Encarnacion, 239 F.3d 395, 400 (1st Cir.), cert. denied, 532 U.S. 1073 (2001) (alien reentered so that he could see his family and enter drug rehabilitation). We reject Elvey's contention that the District Court erred in denying his motion for a downward departure.

For the reasons set forth above, we will affirm the judgment of conviction and

5

sentence.

_____

TO THE CLERK:

Please file the foregoing opinion


/s/Dolores K. Sloviter
Circuit Judge